A CERTIFIED TRUE COPY

JUN 22 2007

ATTEST [signature]
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 22 2007

FILED
CLERK'S OFFICE

***RELEASED FOR PUBLICATION***

***DOCKET NO. 1842***

***BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION***

***IN RE KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION***

***BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,* KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL***

## *TRANSFER ORDER*

This litigation currently consists of thirteen actions listed on the attached Schedule A, one each pending in the following districts: the Northern District of Alabama, the Eastern District of Arkansas, the Western District of Arkansas, the Eastern District of California, the Northern District of Florida, the Central District of Illinois, the Eastern District of Missouri, the District of New Jersey, the Eastern District of New York, the Southern District of New York, the Northern District of Ohio, the District of Rhode Island, and the Middle District of Tennessee. Now before the Panel are two motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization of all actions for coordinated or consolidated pretrial proceedings.[1] Plaintiffs in the Rhode Island action move for centralization in the District of Rhode Island – where defendant Davol, Inc. (Davol) is headquartered. Plaintiffs in the Alabama action seek centralization in the Northern District of Alabama. Common defendants in all actions, C.R. Bard,

---

* Judge Miller did not participate in the decision of this matter.

[1] An additional action – *Faye Gleber v. C.R. Bard, Inc., et al.*, E.D. Louisiana, C.A. No.2:06-5837 – was included on the initial Section 1407 motion. The schedule of actions was later amended to remove this action, which was clearly unrelated to this litigation. Accordingly, the question of inclusion of this action in MDL-1842 proceedings is moot.

The Panel also has been notified that eighteen potentially related actions have been filed, two actions each in the Middle District of North Carolina and the District of Rhode Island, and one action each in the Northern District of Alabama, the Southern District of California, the Northern District of Florida, the Western District of Kentucky, the Western District of Louisiana, the Eastern District of Missouri, the District of Nebraska, the District of Nevada, the Eastern District of New York, the Northern District of Ohio, the Middle District of Tennessee, the Eastern District of Texas, the Southern District of Texas, and the Western District of Texas. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

Inc. (Bard) and/or Davol, its wholly-owned subsidiary, oppose the Section 1407 motions, but alternatively suggest selection of either the Eastern District of Missouri or the Eastern District of Arkansas as transferee district, should the Panel decide to centralize the actions. Defendants in only the Western District of Arkansas action, Surgical Sense, Inc. (Surgical Sense) and WCO Medical Products Corp., also oppose the motion, as does plaintiff in the Middle District of Tennessee action. Plaintiffs in the Northern District of Florida action support centralization in the District of Rhode Island, and the Eastern District of Missouri plaintiff does not oppose centralization there. Plaintiffs in the potentially related Northern District of Florida action support centralization in the District of Rhode Island or the Northern District of Alabama in the alternative. Plaintiff in the Western District of Louisiana potential tag-along action supports centralization in either the District of Rhode Island or the Northern District of Alabama. Plaintiffs in the two Arkansas actions do not oppose centralization as to "spring failure" actions that are subject to a recall by defendants, but argue that different groups of actions should not be included in the Section 1407 proceedings; these plaintiffs would favor the Northern District of Alabama as the transferee district. Additionally, while the Central District of Illinois plaintiff does not oppose centralization of the actions for purposes of discovery from the defendants, he requests that his action remain in the transferor court solely for discovery from plaintiff. His transferee district choice is the Northern District of Alabama. Lastly, plaintiffs in the Eastern District of New York potential tag-along action favor their district as transferee forum or, alternatively, the District of Rhode Island.

On the basis of the papers filed and hearing session held, the Panel finds that all actions involve common questions of fact, and that centralization under Section 1407 in the District of Rhode Island will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Each of the thirteen MDL-1842 actions involves allegations of defects in various models of hernia patches manufactured and sold by Bard, Davol or Surgical Sense. All actions can thus be expected to share factual questions concerning such matters as the design, manufacture, safety, testing, marketing and performance of these patches. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Defendants' arguments in opposition to Section 1407 centralization can be summarized as follows: common facts do not predominate among the actions, as the actions involve different models of hernia patches and allege various types of defects; the number of pending actions does not warrant centralization; alternatives to centralization are available; and the pending actions differ substantially in the causes of action pleaded, and thus the evidence required. Additionally, the parties to the Western District of Arkansas action argue that the hernia patch at issue in that action was manufactured and distributed by a different, unrelated company. Plaintiffs to the Arkansas actions argue that two types of actions should not be included in MDL-1842 proceedings: (1) those actions that do not allege that the recoil ring is defective; and (2) those actions that arise from a procedure, or the installation of a hernia patch, that may create a higher risk of infection in the patient.

We are not persuaded by these arguments. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer.

Transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The MDL-1842 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Mutual Funds Investment Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident in the transferee judge's ability to streamline pretrial proceedings in all actions, while concomitantly directing the appropriate resolution of all claims.

Although any of the suggested districts would be an appropriate transferee forum for this litigation, we are persuaded that this litigation should be centralized in the District of Rhode Island. Davol's headquarters are located within this district and thus witnesses and relevant documents will likely be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the District of Rhode Island are transferred to the District of Rhode Island and, with the consent of that court, assigned to the Honorable Mary H. Lisi for coordinated or consolidated pretrial proceedings with the action pending there.

FOR THE PANEL:

s/ Wm. Terrell Hodges

Wm. Terrell Hodges
Chairman