Delivered Harpay my Bard, 1/25/07
rec'd copy

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

COPY

First X Alias ___ Pluries ___

CIVIL ACTION
DOCKET NO.__________

GEORGE ANDREW LUFFMAN,

Plaintiff,

Vs.

C. R. BARD INC.,
by and through Registered Agent:
Judith A. Reinsdorf
730 Central Avenue
Murray Hill, New Jersey 07974

Defendant.

Method of Service:
___ In County Sheriff
___ Out of County Sheriff
✓ Secretary of State
___ Certified Mail

___ Personal Service

___ Commissioner of Insurance

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in DAVIDSON COUNTY CIRCUIT COURT, NASHVILLE, TN, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: ____________________

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By____________________
Deputy Clerk

ATTORNEY FOR PLAINTIFF
Donald D. Zuccarello
3209 West End Avenue, Nashville, TN 37203,
(615) 259-8100

or
PLAINTIFF'S ADDRESS

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this ______ day of __________, 20____.

__________ SHERIFF

EXHIBIT
A

CIRCUIT COURT SUMMONS NASHVILLE, TENNESSEE

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

COPY

First X Alias ___ Pluries ___

CIVIL ACTION
DOCKET NO.____________

GEORGE ANDREW LUFFMAN,

Plaintiff,

Vs.

DAVOL INC.,
by and through Registered Agent:
CT. CORPORATION SYSTEM
10 WEYBOSSET STREET
PROVIDENCE, RI. 02903

Defendant.

Method of Service:
_____ In County Sheriff
_____ Out of County Sheriff
✓ Secretary of State
_____ Certified Mail

_____ Personal Service

_____ Commissioner of Insurance

**To the above named Defendant:**

**You are summoned to appear and defend a civil action filed against you in DAVIDSON COUNTY CIRCUIT COURT, NASHVILLE, TN, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.**

**In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.**

ISSUED: ____________________

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By_______________________________
Deputy Clerk

ATTORNEY FOR PLAINTIFF Donald D. Zuccarello
3209 West End Avenue, Nashville, TN 37203,
(615) 259-8100

or
PLAINTIFF'S ADDRESS ____________________________

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this ________ day of ______________, 20____.

____________________ SHERIFF

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the ____________ day of ______________________________, 20_____, I:
____________________ served this summons and complaint/petition on ______________________________
______________________________________________________________ in the following manner:

______________________________________________________________________________

____________________ failed to serve this summons within 30 days after its issuance because ________
______________________________________________________________________________.

______________________________
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of ____________________, 20___. I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket No. __________ to the defendant, ______________________________. On the ________ day of ____________________ 20____, I received the return receipt for said registered or certified mail, which had been signed by ____________________ on the _____ day of ______________, 20_____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
________ DAY OF ____________________, 20______.

______________________________
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

________ NOTARY PUBLIC or ________ DEPUTY CLERK
MY COMMISSION EXPIRES: ____________________

## NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if copy certification required.)

By: ______________________________ D.C.

COPY

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY,
TENNESSEE AT NASHVILLE
20th JUDICIAL DISTRICT

| | | |
|---|---|---|
| GEORGE ANDREW LUFFMAN, | ) | |
| Plaintiff, | ) | |
| | ) | DOCKET #__________ |
| v. | ) | JURY DEMAND (12) |
| C.R. BARD INC., and DAVOL, INC., | ) | |
| Defendants. | ) | |

## COMPLAINT

Comes now the Plaintiff, George Andrew Luffman, by and through his undersigned counsel, Donald D. Zuccarello, and brings suit against Defendants C.R. Bard and Davol, Inc., and states as follows:

1. The Plaintiff George Andrew Luffman (hereinafter "Plaintiff") is a citizen and resident of Davidson County residing at 308 Rucker Avenue, Nashville, Tennessee.

2. The Defendants C.R. Bard, Inc., and Davol Inc., are foreign corporations, and (hereinafter "Defendants") carry on regular and substantial business in Nashville, Tennessee.

3. The Defendants designed, fabricated, produced, manufactured, processed, assembled, marketed, and introduced into the stream of commerce the Composix® Kugel Hernia Patch which was used at Vanderbilt University Medical Center on February 1, 2006. The Composix® Kugel Hernia Patch was defective and unreasonably dangerous beyond that which would be contemplated by the ordinary consumer, and caused dangerous and unsafe risk to the

Plaintiff.

4. On or about February 1, 2006, at Vanderbilt University Medical Center in Nashville, Tennessee, the Plaintiff underwent surgical repair of a ventral hernia near the epigastrum. The Plaintiff underwent the hernia repair with his surgeon Dr. Jose Diaz, Jr., implanting the Bard Composix® Kugel Hernia Patch. The Plaintiff suffered serious and permanent injuries as a result of the Bard Composix® Kugel Hernia Patch used to repair his multiple ventral hernias and which is the subject of a FDA Class I recall. The Bard Composix® Kugel Hernia Patch was defective and unreasonably dangerous.

5. At said date and time, the Defendants were strictly liable to the Plaintiff for manufacturing, constructing, designing, assembling, testing, producing, selling and distributing an unreasonably dangerous and defective product pursuant to Tenn.Code.Ann §29-28-101 et seq., which proximately caused personal injuries to the Plaintiff.

6. The Defendants were negligent in this matter because they: (a) failed to produce, manufacture, construct, design, assemble, distribute and sell a medical product that was safe and durable for its intended use; (b) failed to adequately notify and warn persons of the unreasonably dangerous and defective condition of the Bard Composix® Kugel Hernia Patch ; (c) failed to adequately inspect and test the Bard Composix® Kugel Hernia Patch to determine that it was safe and not defective and unreasonably dangerous for long-term use; (d) failed to warn physicians, hospitals, and patients of the dangers of the Bard Composix® Kugel Hernia Patch's defective and unreasonably dangerous condition; (e) failed to adequately warn physicians, hospitals, and patients of the potential hazards of the medical device. (f) failed to exercise due and reasonable care.

7. The negligent acts and omissions of the Defendants as set forth herein are the proximate cause of the Plaintiff's injuries and damages.

8. The Defendants are also liable to the Plaintiff for breaching an implied warranty of fitness merchantability of the product that it designed, manufactured, produced, distributed, and sold. The Defendants are also liable for breach of or failure to discharge a duty to warn or instruct the Plaintiff of the dangerous and defective condition of the product.

9. At said date and time, the Defendants are liable for the Plaintiff's injuries due to the negligent acts and omission of the Defendants as set forth herein and due to the Defendants' culpable acts under strict liability, breach of warranty and products liability which were the proximate cause of the Plaintiff's injuries and damages as set forth by common law and statutory law.

10. As a proximate result of the Defendants' culpable acts as set forth herein, Plaintiff George Andrew Luffman has sustained past, present and future medical expenses, pain and suffering, lost wages, loss of earning capacity, emotional distress, loss of the enjoyment of life, and permanent damages for all of which he deserves to be compensated.

Wherefore Plaintiff prays:

(a) for service of process on Defendants;

(b) for the Defendants to file an Answer;

(c) for a jury of twelve to determine all triable issues;

(d) for an award of damages in favor of the Plaintiff George Andrew Luffman, and against the Defendants in an amount of $300,000.00;

(e) for court cost and discretionary costs to be taxed to the Defendants; and

(f) for general relief.

Respectfully submitted,

LAW OFFICE OF DONALD D. ZUCCARELLO

Donald D. Zuccarello, BPR # 15092
3209 West End Avenue
Nashville, TN 37203
(615) 259-8100
(615) 259-8108

Attorney for the Plaintiff

**COST BOND**

I. Donald D. Zuccarello, am surety for this cause.

Donald D. Zuccarello

TOTAL P.09