**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| GEORGE ANDREW LUFFMAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No.: 3:07-0243 |
| v. | ) | |
| | ) | |
| DAVOL INC., a Rhode Island corporation; | ) | |
| C. R. BARD, INC., a New Jersey corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF C.R. BARD, INC. AND DAVOL INC.**

Defendants C.R. Bard, Inc. and Davol Inc. ("Bard"), by and through its counsel, files this answer to plaintiff's Complaint (the "Complaint") as follows:

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Bard to which no response is required. To the extent that a response is required, Bard lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies the same.

2. Bard admits that it is a New Jersey corporation with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey 07974. Bard admits that Davol is a subsidiary of Bard with its principal place of business at 100 Sockanosset Crossroad, P.O. Box 8500, Cranston, Rhode Island 02920. Bard further admits that it and Davol have conducted business in the State of Tennessee.

3. Bard admits that Davol at various times designed, manufactured, and marketed various hernia repair products, including the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information within the

United States, including the State of Tennessee. Bard further states that it does not know what is meant by "fabricated," "produced," "processed," "assembled" or "introduced into the stream of commerce" beyond the meanings of "manufactured" and "marketed," which have been admitted. As to the remaining allegations in Paragraph 3, Bard either lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph or states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations

4. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

5. Bard states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

6. Bard states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

7. Bard states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

8. Bard states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

9. Bard states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

10. Bard states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

## SEPARATE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Bard upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment K, bar plaintiff's claims against Bard in whole or in part.

3. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar plaintiff's claims against Bard in whole or in part.

4. Applicable statutes of limitations and the doctrine of laches bar plaintiff's claims in whole or in part.

5. Plaintiff's, or his agents', including her physicians, misuse or abnormal use of the product or failure to follow instructions bar the plaintiff's claims in whole or in part.

6. If plaintiff used a product sold by Bard, then plaintiff's claims are barred, in whole or in part, because plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

7. Any alleged negligent or culpable conduct of Bard, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

8. If plaintiff used a product sold by Bard, plaintiff used the product for "off-label" purposes, which bars the plaintiff's claims.

9. The "learned intermediary" doctrine bars plaintiff's claims.

10. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions

and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

11. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

12. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of the Composix® Kugel® Hernia Patch.

13. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

14. If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Bard is neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bard. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

15. Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of plaintiff's own idiosyncratic reactions.

16. Plaintiff failed to mitigate, which limits plaintiff's damages, if any, in whole or in part.

17. Plaintiff's causes of action are barred in whole or in part by plaintiff's own comparative negligence.

18. Any potential award for plaintiff's damages or injuries, none being admitted, is reduced, in whole or part, by the tortious conduct of others not a party to this lawsuit.

19. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

20. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bard product.

21. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Bard, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiff may have suffered, if any.

22. To the extent plaintiff's Complaint seeks punitive damages, such claims are barred because such an award would violate Bard's due process, equal protection and other rights under the United States Constitution, the Tennessee Constitution, and any other applicable law.

23. To the extent plaintiff's Complaint seeks punitive damages, such claims are barred because plaintiff has failed to allege conduct warranting the imposition of punitive damages under Tennessee and/or other applicable laws.

24. To the extent plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

25. Bard hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Date: March 5, 2007

Respectfully submitted,

/s Melissa Loney Stevens
Melissa Loney Stevens
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
2200 Riverview Tower
9800 South Gay Street
PO Box 1792
Knoxville, TN 37902
(865) 549-7000
(865) 525-8569 (fax)

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
SPRIGGS & HOLLINGSWORTH
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for C.R. BARD, INC. and DAVOL INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2007, a copy of the foregoing Answer and Affirmative Defenses was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

Donald D. Zuccarello
3209 West End Avenue
Nashville, Tennessee 37203

*via electronic notice and first-class mail*

__/s Melissa Loney Stevens________
Melissa Loney Stevens